UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MIGUEL MOREIRA-ALFARO,

        Petitioner,

vs.

CALIFORNIA BOARD OF PAROLE HEARINGS,

        Respondent.

No. C 09-2947 PJH (PR)

**ORDER TO SHOW CAUSE**

Petitioner, a California prisoner currently incarcerated at San Quentin State Prison, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

The petition attacks denial of parole, so venue is proper in this district, which is where petitioner is confined.  *See* 28 U.S.C. § 2241(d).

## BACKGROUND

In 1993 petitioner was convicted of attempted first degree murder. He was sentenced to prison for seven years to life. Here he challenges a denial of parole on November 21, 2008. He claims to have exhausted these claims by way of state habeas petitions.

## DISCUSSION

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet

heightened pleading requirements.  *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified."  Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970).  "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal."  *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.    Legal Claims**

As grounds for federal habeas relief, petitioner asserts that: (1) His due process rights were violated by the Board's denying parole based on the unchanging and immutable facts of his offense; and (2) the Board's decision was not supported by "some evidence."  These claims are sufficient to require a response.  *See Biggs v. Terhune*, 334 F.3d 910, 916-17 (9th Cir. 2003) (warning that repeated denial of parole based on unchanging characteristics of offense might violate due process); *McQuillion v. Duncan*, 306 F.3d 895, 904 (9th Cir. 2002) (due process requires that at least "some evidence" support parole denial).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be

2

1  granted.  Respondent shall file with the answer and serve on petitioner a copy of all
2  portions of the state trial record that have been transcribed previously and that are relevant
3  to a determination of the issues presented by the petition.
4      If petitioner wishes to respond to the answer, he shall do so by filing a traverse with
5  the court and serving it on respondent within thirty days of his receipt of the answer.
6      3.  Respondent may file a motion to dismiss on procedural grounds in lieu of an
7  answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing
8  Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court
9  and serve on respondent an opposition or statement of non-opposition within thirty days of
10  receipt of the motion, and respondent shall file with the court and serve on petitioner a reply
11  within fifteen days of receipt of any opposition.
12      4.  Petitioner is reminded that all communications with the court must be served on
13  respondent by mailing a true copy of the document to respondent's counsel.  Petitioner
14  must keep the court informed of any change of address and must comply with the court's
15  orders in a timely fashion.  Failure to do so may result in the dismissal of this action for
16  failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v.*
17  *Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).
18  **IT IS SO ORDERED.**
19  Dated:  July 23, 2009.
20                              PHYLLIS J. HAMILTON
                            United States District Judge

28  G:\PRO-SE\PJH\HC.09\MOREIRA-ALFARO2947.OSC.wpd