United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MIGUEL MOREIRA-ALFARO,<br><br>    Petitioner,<br><br>  vs.<br><br>CALIFORNIA BOARD OF PAROLE HEARINGS,<br><br>    Respondent.<br>_____ / | No. C 09-2947 PJH (PR)<br><br>**ORDER DENYING HABEAS PETITION AND GRANTING CERTIFICATE OF APPEALABILITY** |

This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. § 2254. The petition is directed to a denial of parole.

This court ordered respondent to show cause why a writ should not issue. After respondent had answered and petitioner had filed a traverse, the United States Court of Appeals for the Ninth Circuit decided *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010), in which a number of important issues involving parole habeas cases were raised. In consequence, the court ordered the parties to provide supplemental brief addressing the impact of *Hayward* on this case, which respondent has done. For the reasons set forth below, the petition will be denied.

**BACKGROUND**

In 1993 petitioner was convicted of attempted first degree murder. He was sentenced to prison for seven years to life. Here he challenges a denial of parole on November 21, 2008. He filed state habeas petitions raising these claims in the superior court and court of appeal, both of which denied the petitions. The California Supreme Court denied review of the court of appeal denial.

///

**DISCUSSION**

**I.   Standard of Review**

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13.  A state court decision is an "unreasonable application of" Supreme Court authority, falls under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case."  *Id.* at 413.  The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."  *Id.* at 411.  Rather, the application must be "objectively unreasonable" to support granting the writ.  *See id.* at 409.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary."  *Miller-El*, 537 U.S. at 340.  This presumption is not altered by the fact that the finding was made by a state court of appeals, rather than by a state trial court.  *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d

1082, 1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001). A petitioner must present clear and convincing evidence to overcome § 2254(e)(1)'s presumption of correctness; conclusory assertions will not do. *Id.*

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

## II.     Impact of *Hayward*

In *Hayward* the en banc court held that there is no constitutional right to "release on parole, or to release in the absence of some evidence of future dangerousness" arising directly from the Due Process Clause of the federal constitution; instead, any such right "has to arise from substantive state law creating a right to release." *Hayward*, 603 F.3d at 555. The court overruled *Biggs v. Terhune*, 334 F.3d 910 (9th Cir. 2003); *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123 (9th Cir. 2006); and *Irons v. Carey*, 505 F.3d 846 (9th Cir. 2007), "to the extent they might be read to imply that there is a federal constitutional right regardless of whether state law entitles the prisoner to release . . . ." *Hayward*, 603 F.3d at 556. All three of those cases had discussed the "some evidence" requirement, but in all three it was clear that the requirement stemmed from a liberty interest created by state law; that portion of the cases, therefore, was not overruled by *Hayward*. *See Biggs*, 334 F.3d at 914-15; *Sass*, 461 F.3d at 1127-19; *Irons*, 505 F.3d at 850-51; *see also Cooke v. Solis*, 606 F.3d 1206, 1213-14 (9th Cir. 2010) (post-*Hayward* case; noting that California law gives rise to a liberty interest in parole). However, all three also contained references in dictum to the possibility that "[a] continued reliance in the future on an unchanging factor, the circumstances of the offense and conduct prior to imprisonment, [would] run[] contrary

3

to the rehabilitation goals espoused by the prison system and could result in a due process violation." *Biggs*, 334 F.3d at 916-17; *see also Sass*, 461 F.3d at 1129; *Irons*, 505 F.3d at 853-54. It appears that this possibility, referred to below as a "*Biggs* claim," is the only thing that was "overruled" by *Hayward*.

Aside from making clear that there could be no *"Biggs* claim" arising directly from the Due Process Clause of the Constitution, cases decided subsequent to *Hayward* have clarified that federal habeas review of California parole decisions remains much the same as it was prior to that decision. The Ninth Circuit still recognizes that California law gives rise to a liberty interest in parole. *Pirtle*, 611 F.3d 1015, 1020-21 (9th Cir. 2010); *Cooke,* 606 F.3d at 1213-14; *Pearson,* 606 F.3d at 610-11. Under California law, "some evidence" of current dangerousness is required in order to deny parole. *Hayward*, 603 F.3d at 562 (citing *In re Lawrence*, 44 Cal. 4th. at 1191, 1209-15 (2008), and *In re Shaputis*, 44 Cal.4th 1241 (2008)). "California's 'some evidence' requirement is a component of the liberty interest created by the parole system of that state." *Cooke*, 606 F.3d at 1213. A federal court considering a "some evidence" claim directed to a parole denial thus must determine whether there was "some evidence" of current dangerousness to support the parole board's decision; if not, the prisoner's due process rights were violated. This was also true prior to *Hayward*, although now the rationale is that the Court is applying California's "some evidence" rule as a component of the required federal due process.

Respondent contends that *Hayward* allows only review for whether a state's parole procedures provide adequate procedural protections and for whether the state courts applied those protections, not for whether they were properly applied. Supp. Br. at 7-8. That is, there would be no review for whether a parole denial was supported by "some evidence," but only for whether California law requires that denials be supported by "some evidence" – as of course it does – and whether the state courts conducted that review. He asserts that Ninth Circuit cases decided subsequent to *Hayward* – at the time the brief was filed those were *Cooke* and *Pearson* – are wrongly decided. This court must follow the Ninth Circuit's cases, so these contentions are rejected.

4

**III.    Issues Presented**

    **A.    Respondent's Contentions**

In the answer, respondent argues that California prisoners have no liberty interest in parole, and that if they do, the only due process protections available are a right to be heard and a right to be informed of the basis for the denial – that is, respondent contends there is no due process right to have the result supported by sufficient evidence. He says these contentions are made to preserve the issues for appeal. As discussed further below, even after the en banc decision in *Hayward v. Marshall,* 603 F.3d 546 (9th Cir. 2010) (en banc), these contentions are incorrect. *See Pirtle v. California Bd. of Prison Terms*, 611 F.3d 1015, 1020-21 (9th Cir. 2010) (California law creates a federal liberty interest in parole; that liberty interest encompasses the state-created requirement that a parole decision must be supported by "some evidence" of current dangerousness); *Cooke v. Solis*, 606 F.3d 1206, 1213-14 (9th Cir. 2010) (same); *Pearson v. Muntz*, 606 F.3d 606, 610-11 (9th Cir. 2010) (same).

Respondent is correct, however, that if the court concludes that the Board's decision was not supported by "some evidence," the correct remedy is not to order that he be released on parole, but rather to order that the Board conduct another eligibility hearing at which the prisoner's rights are respected. *See Haggard v. Curry*, No. 10-16819 (9th Cir. Order Oct. 12, 2010).

    **B.    Petitioner's Claims**

Petitioner asserts that: (1) His due process rights were violated by the Board's denying parole based on the unchanging and immutable facts of his offense; and (2) the Board's decision was not supported by "some evidence."

        1.    ***Biggs* Claim**

Petitioner contends that the Board violated his due process rights by basing the denial of parole on the unchanging circumstances of the offense.

In *Biggs*, the court said, in dictum, that "[a] continued reliance in the future on an unchanging factor, the circumstances of the offense and conduct prior to imprisonment,

5

runs contrary to the rehabilitation goals espoused by the prison system and could result in a due process violation." 334 F.3d at 917. As discussed above, the court in *Hayward* overruled any implication that such a claim might be viable. *Hayward*, 603 F.3d at 556. This claim therefore is without merit.

### 2. "Some Evidence" Claim

A federal district court reviewing a California parole decision "must determine 'whether the California judicial decision approving the governor's [or the Board's] decision rejecting parole was an 'unreasonable application' of the California 'some evidence' requirement, or was 'based on an unreasonable determination of the facts in light of the evidence.'" *Hayward*, 603 F.3d at 562-63 (quoting 28 U.S.C. § 2254(d)(1)-(2)). That requirement was summarized in *Hayward* as follows:

> As a matter of California law, 'the paramount consideration for both the Board and the Governor under the governing statutes is whether the inmate currently poses a threat to public safety.' There must be 'some evidence' of such a threat, and an aggravated offense 'does not, in every case, provide evidence that the inmate is a current threat to public safety.'

*Id.* at 562 (quoting *Lawrence*, 44 Cal.4th. at 1191, 1209-15; *see also Cooke*, 606 F.3d at 1214 (describing California's "some evidence" requirement). The circumstances of the commitment offense itself "cannot constitute evidentiary support for the denial of parole 'unless the record also established that something in the prisoner's pre- or post-incarceration history, or his or her current demeanor and mental state, indicated that the implications regarding the prisoner's dangerousness that derive from his or her commission of the commitment offense remain probative to the statutory determination of a continuing threat to public safety.'" *Cooke*, 505 F.3d at 1216 (quoting *Lawrence*, 44 Cal. 4th at 1214).

The Presiding Commissioner stated that he was "incorporat[ing] by reference the facts of the commitment offense as found in the probation report on pages 5 though 7 and Mr. Moreira's version of the crime from the 200 Board report on page 3." Pet., Ex. A (transcript of Board hearing, hereafter cited as "Tr.") at 9. As consistently is the case, the documents incorporated by reference have not made it into the record filed by respondent with this court. The Presiding Commissioner and petitioner did discuss the case, however,

6

and it is from that discussion that the following summary of the offense is taken.

Petitioner's common-law wife of fourteen years asked him to leave the family home in April of 1992. *Id.* This was because he had a girlfriend. *Id.* at 11. Eight months later, petitioner asked her if someone else had taken his place, and she told him "yes." *Id.* at 10. He took a steak knife from the Salvation Army store where he worked as a volunteer, waited six hours at her school, and as she came out of a class, stabbed her repeatedly. *Id.* at 10, 12, 14, 14-15, 16. He said that he did this because of his "unfortunate[]" feelings of "machismo" as a "Latin man." *Id.* at 12. The victim evidently suffered severe injuries to her hands and arms. *Id.* at 16.

The offense was both reckless and cruel; it could easily have led to the death of the victim, and as it was must have caused great pain and suffering. Furthermore, that pain and suffering was inflicted upon his partner of fourteen years, the mother of this three children, and was motivated by her having become romantically involved with someone else after petitioner had first done so himself. The *Lawrence* standard requires more than this to support a finding of current dangerousness, however: "'something in the prisoner's pre- or post-incarceration history, or his or her current demeanor and mental state, indicat[ing] that the implications regarding the prisoner's dangerousness that derive from his or her commission of the commitment offense remain probative to the statutory determination of a continuing threat to public safety.'" *Cooke*, 505 F.3d at 1216 (quoting *Lawrence*, 44 Cal. 4th at 1214). Here, that "something" was that (1) petitioner seemed much concerned with *his* suffering as a result of the crime, Tr. 15-16; (2) he had been found guilty of a rule violation just the year before the hearing for having a weapon concealed in his cell, *id.* at 22-23; and (3) the psychological report was quite negative, finding him to be a "moderate" threat if released, *id.* at 34-41.

In light of this evidence, the state courts' applications of the California "some evidence" requirement, and those courts' consequent rejections of the claim, were not "based on an unreasonable determination of the facts in light of the evidence." *See* 28 U.S.C. § 2254(d)(2). This claim therefore cannot be the basis for federal habeas relief.

7

**IV.     Appealability**

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in the ruling.  *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a COA.  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  A judge shall grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The certificate must indicate which issues satisfy this standard.  *See id.* § 2253(c)(3).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Whether there was "some evidence" to support a parole denial is often a matter of judgment.  That was the case here.  The court concludes that jurists of reason could find the result as to the "some evidence" issue debatable or wrong.  A COA therefore will be granted on that claim.  Petitioner should note that even when a COA is granted, a petitioner wishing to appeal still must file a notice of appeal.  *See* Rule 11(b), Rules Governing § 2254 Cases.

## CONCLUSION

The petition for a writ of habeas corpus is **DENIED**.  A certificate of appeal ability is **GRANTED** on the "some evidence" issue and is **DENIED** on the "*Biggs* claim."  The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October 25, 2010.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.09\MOREIRA-ALFARO2947.RUL.wpd